O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VUPOINT SOLUTIONS INC., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MUSTEK SYSTEMS, INC., a Taiwanese corporation; MUSTEK, INC., a California corporation; GIINII INTERNATIONAL, a Delaware corporation,<br><br>　　　　　　Defendants.<br>_____ | ) Case No. CV 11-07826 DDP (RZx)<br>)<br>) **ORDER GRANTING DEFENDANT'S MOTION**<br>) **TO DISMISS**<br>)<br>)<br>)<br>) [Docket No. 10]<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

　　Presently before the court is Defendant GiiNii International Corporation's Motion to Dismiss for Failure to State a Claim ("Motion"). Having reviewed the parties' moving papers and heard oral argument, the court grants the Motion and adopts the following Order.

**I.　BACKGROUND**

　　On September 21, 2011, Plaintiff Vupoint Solutions, Inc. ("Vupoint") filed its Complaint against Mustek Systems, Inc. and Mustek, Inc. (collectively, "Mustek"), as well as GiiNii

International Corporation ("GiiNii"), alleging: 1) violations of the Lanham Act, 15 U.S.C. § 1125(a); 2) false patent marking, in violation of 35 U.S.C. § 292; and 3) violations of various state laws. GiiNii filed this Motion to Dismiss on November 28, 2011. Among other arguments, GiiNii contends that Vupoint fails to state claims for false patent marking and violations of the Lanham Act, because the alleged unlawful conduct does not constitute "advertising" or "commercial advertising or promotion," as required, respectively, by the two statutes.

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) requires courts to dismiss claims for which no relief can be granted. When considering a 12(b)(6) motion, "all allegations of material fact are accepted as true and should be construed in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). In Ashcroft v. Iqbal, the Supreme Court explained that a court should first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S. Ct. 1937, 1950 (2009). Next, the court should identify the complaint's "well-pleaded factual allegations, . . . assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." (internal quotation marks omitted)).

///

## III. DISCUSSION

In its Complaint, Vupoint alleges that Defendants violated the Lanham Act and engaged in false patent marking by sending a letter and email to potential customer the Home Shopping Network ("HSN"). The letter, sent by Mustek's attorney, asserts its alleged patent rights and intent to take legal action against infringers. As Mustek states in the letter, summarizing the contents: "Any kind of scanner using an image displaying device will infringe on our patents. We will take all legal rights to protect our products, patents and our customers." (Compl., Ex. 2 (emphasis omitted).) Similarly, GiiNii's email insists that "GiiNii is the correct partner" for HSN, because of the validity of its "patent/patent-pending" rights. As the email concludes: "Th[e attached patent application] should provide you with enough information to see GiiNii/Mustek's claims around the LCD with scanner are valid." (Compl. ¶ 30.)

GiiNii contends that these communications are typical "cease and desist" letters. As GiiNii explains, courts have found that it is not "advertising or promotion" under the Lanham Act - and therefore, not "advertising" under the narrower requirement for false patent marking claims[1] - to send cease and desist letters to prospective customers. See, e.g., Luxpro Corp. v. Apple Inc., No. C 10-0305, 2011 WL 1086027, at *11-12 (N.D. Cal. Mar. 24, 2011); Futuristic Fences, Inc. v. Illusion Fence Corp., 558 F. Supp. 2d 1270, 1278-82 (S.D. Fla. 2008); Avery Dennison Corp. v. Acco

---

[1] See Oakley, Inc. v. Bugaboos Eyewear Corp., 757 F. Supp. 2d 1050, 1057 (S.D. Cal. 2010)

Brands, Inc., No. CV99-1877, 2000 WL 986995, at *8 (C.D. Cal. Feb. 22, 2000).

In response, Plaintiff relies on Seven-Up Co. v. Coca-Cola Co., 86 F.3d 1379, 1381-82 (5th Cir. 1996). There, the Fifth Circuit found that Coca-Cola engaged in advertising or promotion under the Lanham Act by giving sales presentations to independent bottlers. As the court explained, "the Act's reach is broader than merely the 'classic advertising campaign.'" Id. at 1384 (internal quotation marks omitted).

However, as GiiNii argues in its Reply, Seven-Up is readily distinguishable from the facts here:

> Seven-Up involved promotional presentations given by the defendant, a maker of syrup concentrates for various carbonated soft drinks. The presentations consisted of charts, graphs, and overhead projection displays comparing the relative sales and market share performance of the defendant's product to that of the plaintiff's product. . . . Versions of the presentation were given to eleven "co-franchise" soft-drink bottlers.

(Reply at 7 (citations omitted).) In short, Seven-Up involved substantial presentations to multiple customers, with the sole purpose of promoting defendant's product. Here, to the contrary, Defendants sent one letter and email to a single customer, asserting the validity of their patents and intent to legally enforce them.

On the other hand, it is true that GiiNii uses these alleged legal rights to try to convince HSN that it is "the correct partner" for the product at issue. But GiiNii's statement simply makes explicit the underlying purpose of cease and desist letters to customers - to convince the customer to purchase the sender's allegedly authorized product, instead of the unauthorized product

4

of its competitor. The court therefore finds that Defendants' letter and email are more like typical cease and desist letters than the kinds of advertising and promotion that courts have found sufficient for false patent marking and Lanham Act claims.

Finally, because Vupoint fails to adequately allege any federal claims, GiiNii asks the court to decline to exercise supplemental jurisdiction and dismiss Vupoint's state law claims for lack of jurisdiction. District courts have discretion whether to exercise supplemental jurisdiction. See Schneider v. TRW, Inc., 938 F.2d 987, 993-94 (9th Cir. 1991). "[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." Id. at 993 (internal quotation marks omitted). The court concludes that this is the case here, as the matter is still at the pleading stage and has been before the court for only a short time.

**IV. CONCLUSION**

For all these reasons, the court GRANTS GiiNii's Motion and dismisses Vupoint's Complaint.

IT IS SO ORDERED.

Dated: February 8, 2012

DEAN D. PREGERSON
United States District Judge